**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

# UNITED STATES DISTRICT COURT
# CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE MAGEE, individually and as Succesor in Interest to JACOREY SHAW, deceased; PAUL SHAW, individually and as Successor in Interest to JACOREY SHAW, deceased, <br><br> Plaintiff, <br><br> v. <br><br> DOES 1 through 10, inclusive, COUNTY OF TUOLUMNE, a municipal entity and COUNTY OF STANISLAUS, a municipal entity, <br><br> Defendants. | **CASE NO.:** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1.   **42 U.S.C. § 1983 (Based on Unconstitutional Denial of Medical Care)** <br><br> 2.   **42 U.S.C. § 1983 (Based on Unconstitutional Failure to Protect)** <br><br> 3.   **Wrongful Death Based on Negligence (Cal. Government Code §§ 815.2(a), 820(a))** <br><br> 4.   **Negligent Mishandling of Remains (Cal. Government Code §§ 815.2(a), 820(a))** |

## DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C.

1 § 1983 and 28 U.S.C. § 1331.

2      2.     Venue is proper in the Central District of California under 28 U.S.C.

3 § 1391(a)-(b).

### PARTIES

5      3.     Plaintiffs HOPE MCGEE and PAUL SHAW (hereinafter referred to as

6 "Plaintiffs") are, and at all relevant times herein were, a resident of the County of Los

7 Angeles and State of California.

8      4.     Plaintiffs HOPE MCGEE and PAUL SHAW are Successors in Interest to

9 decedent JACOREY SHAW, and are entitled to bring certain causes of action herein

10 alleged pursuant § 337.30 of the California Code of Civil Procedure. (Attached hereto is

11 a declaration designating HOPE MCGEE and PAUL SHAW as Successors in Interest to

12 JACOREY SHAW, furnished herewith pursuant to § 337.32 of the California Code of

13 Civil Procedure, and a true and correct copy of the death certificate for JACOREY

14 SHAW, will be furnished herewith under separate cover pursuant at § 377.32 of the

15 California Code of Civil Procedures.)

16      5.     Defendant COUNTY OF TUOLUMNE is, and at all relevant times

17 mentioned herein was, a municipal entity or political subdivision of the United States,

18 organized and existing under the laws of the State of California.

19      6.     Defendant COUNTY OF STANISLAUS is, and at all relevant times

20 mentioned herein was, a municipal entity or political subdivision of the United States,

21 organized and existing under the laws of the State of California.

22      7.     Plaintiffs are informed and believe that at all times relevant herein, that all

23 Doe Defendants sued herein, were employed by the California Department of

24 Corrections and Rehabilitation (hereinafter "CDCR") and, acted under color of law, and

25 in the course and scope of their employment with the State of California, and the CDCR.

26      8.     On or around March 8, 2019, a timely Claim for Damages was submitted

27 to the COUNTY OF TUOLUMNE in substantial compliance with California

28 Government Code § 910, et seq. At the time of the filing of this Complaint, said Claim

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1   has been denied.

2       9.    On or around March 11, 2019, a timely Claim for Damages was submitted

3   to the COUNTY OF STANISLAUS in substantial compliance with California

4   Government Code § 910, et seq. At the time of the filing of this Complaint, said Claim

5   has been denied.

6       10.    Plaintiffs are unaware of the true names and capacities, or counties of

7   residence of those Defendants named herein as DOE Defendants. Plaintiffs will amend

8   this Complaint to allege said Defendants' true names and capacities when that

9   information becomes known to them. Plaintiffs are informed, believe, and thereon allege

10   that these DOE Defendants are legally responsible and liable for the incident, injuries,

11   and damages hereinafter set forth, and that each of said Defendants proximately caused

12   the injuries and damages by reason of negligent, careless, deliberately indifferent,

13   intentional, willful, or wanton misconduct, including the negligent, careless, deliberately

14   indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing

15   the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct

16   or imputed negligence or vicarious fault or breach of duty arising out of the matters

17   herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true

18   names and identities of the unknown named DOE Defendants when they are ascertained.

19       11.    Each of the individual Defendants sued herein is sued both in his individual

20   and personal capacity, as well as in his official capacity.

21       12.    Plaintiffs are informed, believe, and thereon allege that at all times herein

22   mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator

23   of each of the remaining Defendants, and in doing the things hereinafter alleged, were

24   acting within the scope of such agency, employment, and/or conspiracy and with the

25   permission and consent of other co-Defendants.

26   **FACTS COMMON TO ALL COUNTS**

27       13.    This Complaint arises out of the in-custody death of Claimants' decedent,

28   JACOREY SHAW, which occurred on Thursday, September 6, 2018. At the time of his

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1   death, JACOREY SHAW was a convicted prisoner, and was an inmate at the Sierra

2   Conservation Center, located at 5100 O'Byrnes Ferry Road in Jamestown, California.

3   The Sierra Conservation Center is a correctional facility operated by the California

4   Department of Corrections and Rehabilitation ("CDCR"). The Sierra Conservation

5   Center offers firefighter training to inmates through the Conservation Camp Program,

6   which is administered by CDCR.

7        14.   On September 6, 2018, JACOREY SHAW was participating in a firefighter

8   training session at the Sierra Conservation Center. Plaintiffs are informed and believe,

9   and thereupon allege, that the training session was being conducted by individual DOE

10  defendant prison official(s), corrections officer(s) and other person(s) employed by and

11  acting within the course and scope of their employment with the State of California, the

12  CDCR, and the Sierra Conservation Center. At all times relevant to the acts and

13  omissions set forth herein, all individual Defendants acted under color of law, and within

14  the course and scope of their employment with the State of California, the CDCR, and

15  the Sierra Conservation Center.

16       15.   During the course of the firefighter training session, which occurred during

17  the daylight hours on an unusually hot day, JACOREY SHAW was exhibiting the

18  obvious signs of a medical emergency, which included, but were not limited to, the

19  objective symptoms of dehydration, extreme fatigue, heat exhaustion, and other related

20  conditions indicating that JACOREY SHAW was suffering from a severe and life

21  threatening medical emergency. The fact that JACOREY SHAW was suffering from a

22  severe and life threatening medical emergency was or should have been apparent to the

23  individual Defendants, and should have been apparent to reasonably well trained

24  supervisor(s) in position(s) similarly situated to the individual Defendants. At all times

25  relevant to the acts and omissions herein alleged, JACOREY SHAW was in custody, was

26  under the exclusive care and control of the individual Defendants, and had a special

27  relationship to the individual Defendants concerning the care and control of all aspects

28  of his physical health and well being.

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

16.     Notwithstanding the obvious indicia of a severe and life threatening medical emergency, the individual Defendants acted with deliberate indifference to JACOREY SHAW's aforementioned medical emergency, and failed to take reasonable precautions to prevent JACOREY SHAW from suffering from his aforementioned medical emergency, and failed to properly recognize JACOREY SHAW's medical emergency after his condition was or should have been readily apparent to The individual Defendants. After the commencement of obvious and readily apparent signs of JACOREY SHAW's extreme and life threatening medical emergency, the individual Defendants failed to care for, treat, and/or provide proper medical assistance to JACOREY SHAW. Due to the the individual Defendants ' deliberate indifference to JACOREY SHAW's readily apparent indicia of his extreme and life threatening medical emergency, at approximately 12:22 p.m. on September 6, 2018, JACOREY SHAW passed away.

17.     JACOREY SHAW's death was preventable, and was directly and proximately caused by the individual Defendants' deliberate indifference to his life threatening medical condition which was, or should have been readily apparent to reasonably well trained supervisor(s) in position(s) similarly situated to the individual Defendants. Plaintiffs further contend that, throughout the acts and omissions herein alleged, the individual Defendants failed to act in a manner consistent with the standard of care which would be expected of reasonably well trained supervisor(s) in position(s) similarly situated to the individual Defendants.

18.     After JACOREY SHAW passed away, the individual Defendants, and heretofore unknown agents and employees of the COUNTY OF TUOLUMNE, and the COUNTY OF STANISLAUS, failed to exercise reasonable and ordinary care in the handling of JACOREY SHAW's remains, and, despite having the ability to refrigerate, properly house, and/or properly insulate JACOREY SHAW's remains from the elements, thereby negligently caused, and/or failed to prevent, the severe decomposition of JACOREY SHAW's remains, which resulted in JACOREY SHAW's remains being in a

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1  gruesome, rancid, and severely decomposed position, which caused Claimants severe

2  emotional distress upon the discovery of the decomposed condition of JACOREY

3  SHAW's remains which affected Claimants' approach to funeral and burial services for

4  JACOREY SHAW.

### FOR THE FIRST CAUSE OF ACTION

**(By PLAINTIFFS HOPE MCGEE and PAUL SHAW Against Individual DOE**

**Defendants for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unconstitutional Denial of Medical Care)**

9   19.   Plaintiffs restate and incorporate by reference the foregoing paragraphs of

10  this Complaint as if set forth in full at this point.

11   20.   This cause of action is set forth herein to redress the deprivation, under

12  color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights,

13  privileges, and/or immunities secured to Plaintiffs and Plaintiffs' decedent, JACOREY

14  SHAW, by the Eighth Amendment to the Constitution of the United States, including,

15  but not limited to, the right to be free from cruel and unusual punishments.

16   21.   Plaintiffs are informed, believe, and thereupon allege that at all times

17  relevant to the acts and omissions set forth herein, all individual Defendants acted under

18  color of law, and within the course and scope of their employment with the State of

19  California, the CDCR, and the Sierra Conservation Center.

20   22.   This Complaint arises out of the in-custody death of Claimants' decedent,

21  JACOREY SHAW, which occurred on Thursday, September 6, 2018. At the time of his

22  death, JACOREY SHAW was a convicted prisoner, and was an inmate at the Sierra

23  Conservation Center, located at 5100 O'Byrnes Ferry Road in Jamestown, California.

24  The Sierra Conservation Center is a correctional facility operated by the California

25  Department of Corrections and Rehabilitation ("CDCR"). The Sierra Conservation

26  Center offers firefighter training to inmates through the Conservation Camp Program,

27  which is administered by CDCR.

28   23.   On September 6, 2018, JACOREY SHAW was participating in a firefighter

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

training session at the Sierra Conservation Center. Plaintiffs are informed and believe, and thereupon allege, that the training session was being conducted by individual DOE defendant prison official(s), corrections officer(s) and other person(s) employed by and acting within the course and scope of their employment with the State of California, the CDCR, and the Sierra Conservation Center. At all times relevant to the acts and omissions set forth herein, all individual Defendants acted under color of law, and within the course and scope of their employment with the State of California, the CDCR, and the Sierra Conservation Center.

24. During the course of the firefighter training session, which occurred during the daylight hours on an unusually hot day, JACOREY SHAW was exhibiting the obvious signs of a medical emergency, which included, but were not limited to, the objective symptoms of dehydration, extreme fatigue, heat exhaustion, and other related conditions indicating that JACOREY SHAW was suffering from a severe and life threatening medical emergency. The fact that JACOREY SHAW was suffering from a severe and life threatening medical emergency was or should have been apparent to the individual Defendants, and should have been apparent to reasonably well trained supervisor(s) in position(s) similarly situated to the individual Defendants. At all times relevant to the acts and omissions herein alleged, JACOREY SHAW was in custody, was under the exclusive care and control of the individual Defendants, and had a special relationship to the individual Defendants concerning the care and control of all aspects of his physical health and well being.

25. Notwithstanding the obvious indicia of a severe and life threatening medical emergency, The individual Defendants acted with deliberate indifference to JACOREY SHAW's aforementioned medical emergency, and failed to take reasonable precautions to prevent JACOREY SHAW from suffering from his aforementioned medical emergency, and failed to properly recognize JACOREY SHAW's medical emergency after his condition was or should have been readily apparent to The individual Defendants. After the commencement of obvious and readily apparent signs of

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1 │ JACOREY SHAW's extreme and life threatening medical emergency, the individual

2 │ Defendants failed to care for, treat, and/or provide proper medical assistance to

3 │ JACOREY SHAW. Due to the the individual Defendants ' deliberate indifference to

4 │ JACOREY SHAW's readily apparent indicia of his extreme and life threatening medical

5 │ emergency, at approximately 12:22 p.m. on September 6, 2018, JACOREY SHAW

6 │ passed away.

7 │      26.    JACOREY SHAW's death was preventable, and was directly and

8 │ proximately caused by the individual Defendants' deliberate indifference to his life

9 │ threatening medical condition which was, or should have been readily apparent to

10 │ reasonably well trained supervisor(s) in position(s) similarly situated to the individual

11 │ Defendants. Claimants further contend that, throughout the acts and omissions herein

12 │ alleged, the individual Defendants failed to act in a manner consistent with the standard

13 │ of care which would be expected of reasonably well trained supervisor(s) in position(s)

14 │ similarly situated to the individual Defendants.

15 │      27.    At all times mentioned herein, the individual Defendants acted under color

16 │ and pretense of law, and under color of the statutes, ordinances, regulations, policies,

17 │ practices, customs, and/or usages of the State of California, the CDCR, and the Sierra

18 │ Conservation Center. The individual Defendants deprived Plaintiffs' decedent,

19 │ JACOREY SHAW, of the rights, privileges, and/or immunities secured to him by the

20 │ Eighth Amendment to the Constitution of the United States and the laws of the United

21 │ States, including, but not limited to, the right to be free from cruel and unusual

22 │ punishment.

23 │      28.    Plaintiffs' decedent had the right to be free from unreasonable governmental

24 │ seizures of his person, a right which was secured to him by the provisions of the Eighth

25 │ Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these

26 │ interests were implicated by the wrongful conduct of the individual defendants which

27 │ proximately caused the death of JACOREY SHAW.

28 │      29.    Plaintiffs are informed, believe, and thereupon allege, that in

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

8

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1  unreasonably causing the death of Plaintiffs' decedent as described herein, the individual

2  Defendants acted willfully, maliciously, knowingly, with reckless disregard and callous

3  indifference to the known consequences of their acts and omissions, and purposefully

4  with the intent to deprive Plaintiffs' decedent of his federally protected rights and

5  privileges, and did in fact violate the aforementioned rights and privileges, thereby

6  warranting punitive and exemplary damages against the individual defendants in an

7  amount to be proven at trial.

8      30.   As a direct and proximate result of the wrongful, intentional, and malicious

9  acts and omissions of the individual defendants, Plaintiffs' decedent, JACOREY SHAW,

10  suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety,

11  grief, shock, humiliation, indignity, embarrassment, and apprehension prior to his death,

12  all to his damage in a sum to be determined at trial.

13      31.   Plaintiffs are entitled to and hereby demands costs, attorneys' fees, and

14  expenses pursuant to 42 U.S.C. § 1988.

15               **FOR THE SECOND CAUSE OF ACTION**

16      **(By PLAINTIFFS HOPE MCGEE and PAUL SHAW Against Individual DOE**

17          **Defendants for Violations of Civil Rights [42 U.S.C. § 1983])**

18              **(Based on Unconstitutional Failure to Protect)**

19      32.   Plaintiffs restates and incorporate by reference the foregoing paragraphs of

20  this Complaint as if set forth in full at this point.

21      33.   This cause of action is set forth herein to redress the deprivation, under

22  color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights,

23  privileges, and/or immunities secured to Plaintiffs and Plaintiffs' decedent, JACOREY

24  SHAW, by the Eighth Amendment to the Constitution of the United States, including,

25  but not limited to, the right to be free from cruel and unusual punishments.

26      34.   Plaintiffs are informed, believe, and thereupon allege that at all times

27  relevant to the acts and omissions set forth herein, all individual Defendants acted under

28  color of law, and within the course and scope of their employment with the State of

1  California, the CDCR, and the Sierra Conservation Center.

2      35.   Based on the above alleged conduct, the individual Defendants knew or

3  should have known that JACOREY SHAW faced a serious medical need, and knowingly

4  disregarded this medical need by failing to take reasonable measures to address it,

5  proximately causing significant pain and suffering, and death, to JACOREY SHAW.

6      36.   Plaintiffs' decedent had the right to be free from unreasonable governmental

7  seizures of his person, a right which was secured to him by the provisions of the Eighth

8  Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these

9  interests were implicated by the wrongful conduct of the individual defendants which

10  proximately caused the death of JACOREY SHAW.

11      37.   Plaintiffs are informed, believe, and thereupon allege, that in

12  unreasonably causing the death of Plaintiffs' decedent as described herein, the individual

13  Defendants acted willfully, maliciously, knowingly, with reckless disregard and callous

14  indifference to the known consequences of their acts and omissions, and purposefully

15  with the intent to deprive Plaintiffs' decedent of his federally protected rights and

16  privileges, and did in fact violate the aforementioned rights and privileges, thereby

17  warranting punitive and exemplary damages against the individual defendants in an

18  amount to be proven at trial.

19      38.   As a direct and proximate result of the wrongful, intentional, and malicious

20  acts and omissions of the individual defendants, Plaintiffs' decedent, JACOREY SHAW,

21  suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety,

22  grief, shock, humiliation, indignity, embarrassment, and apprehension prior to his death,

23  all to his damage in a sum to be determined at trial.

24      39.   Plaintiffs are entitled to and hereby demands costs, attorneys' fees, and

25  expenses pursuant to 42 U.S.C. § 1988.

26  ///

27  ///

28  ///

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

10

## FOR THE THIRD CAUSE OF ACTION

**(By Plaintiffs HOPE MCGEE and PAUL SHAW Against  Against Individual DOE**

**Defendants for Wrongful Death Based on Negligence**

**[Cal. Gov't Code §§ 815.2(a), 820(a)])**

40.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

41.     Plaintiff is informed and believes, and thereupon alleges, that on and before September 6, 2018, the individual defendants had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated prison officials, corrections officers, or other similarly situated persons entrusted with the care and control of inmates such as JACOREY SHAW, participating in firefighter training activities similar to those involving JACOREY SHAW, as described herein. Notwithstanding each of these duties, the individual Defendants negligently failed to take reasonable precautions to prevent JACOREY SHAW from suffering from his obvious medical emergency, and failed to properly recognize JACOREY SHAW's medical emergency after his condition was or should have been readily apparent to the individual Defendants. After the commencement of obvious and readily apparent signs of JACOREY SHAW's extreme and life threatening medical emergency, the individual Defendants negligently failed to care for, treat, and/or provide proper medical assistance to JACOREY SHAW. Due to the the individual Defendants ' negligent response to JACOREY SHAW's readily apparent indicia of his extreme and life threatening medical emergency, at approximately 12:22 p.m. on September 6, 2018, JACOREY SHAW died.

42.     As a proximate result of all of the above-mentioned conduct of the individual Defendants JACOREY SHAW died on September 6, 2018.

43.     As a direct and proximate result of the death of decedent JACOREY SHAW and the above-described conduct of the Defendants, and each of them JACOREY SHAW 's heirs, the Plaintiffs herein, have sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance,

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010,
(323)435-8205

1 protection, affection, society, moral support, training, guidance, services, and support of

2 JACOREY SHAW in an amount according to proof at trial.

3     44.    As a further proximate result of the above-described conduct of the

4 Defendants, and each of them, and the ensuing death of JACOREY SHAW , Plaintiffs

5 have incurred funeral and burial expenses in an amount according to proof at trial.

6 **FOR THE FOURTH CAUSE OF ACTION**

7 **(By Plaintiffs HOPE MCGEE and PAUL SHAW Against Against ALL**

8 **DEFENDANTS for Negligent Mishandling of Remains**

9 **[Cal. Gov't Code §§ 815.2(a), 820(a)])**

The
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

10     45.    Plaintiff restates and incorporates by reference the foregoing paragraphs of

11 this Complaint as if set forth in full at this point.

12     46.    All claims asserted herein against Defendant COUNTY OF TUOLUMNE

13 and Defendant COUNTY OF STANISLAUS are presented pursuant to these

14 COUNTIES' vicarious liability for acts and omissions of county employees undertaken

15 in the course and scope of their employment pursuant to California Government Code §§

16 815.2(a) and 820(a).

17     47.    On September 6, 2018, after JACOREY SHAW passed away, ALL

18 DEFEDANTS had the responsibility for handling, and the right to the custody and

19 possession of the remains of JACOREY SHAW, and had a duty to exercise reasonable

20 care in the handling of said remains. Notwithstanding this duty, ALL DEFENDANTS

21 failed to exercise reasonable and ordinary care in the handling of JACOREY SHAW's

22 remains, and, despite having the ability to refrigerate, properly house, and/or properly

23 insulate JACOREY SHAW's remains from the elements, thereby negligently caused,

24 and/or failed to prevent, the severe decomposition of JACOREY SHAW's remains,

25 which resulted in JACOREY SHAW's remains being in a gruesome, rancid, and severely

26 decomposed position, which caused Claimants severe emotional distress upon the

27 discovery of the decomposed condition of JACOREY SHAW's remains which affected

28 Claimants' approach to funeral and burial services for JACOREY SHAW.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.      For general and special damages in an amount according to proof at trial;

2.      For past and future loss of wages and/or earnings and/or earning capacity according to proof at trial;

3.      For costs of suit incurred herein;

4.      For attorneys' fees incurred herein, as provided by law;

5.      For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED: September 11, 2019          Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**


By: /s/ Brian T. Dunn_____
        BRIAN T. DUNN
        Attorneys for Plaintiffs

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

13

**DECLARATION OF PAUL SHAW**

1.      The decedent's name who is the subject of this action for wrongful death is JACOREY SHAW.

2.      On September 6, 2018, JACOREY SHAW lost his life as a result of civil rights violations contributing to his death at the Sierra Conservation Center, located at 5100 O'Byrnes Ferry Road in Jamestown, California.

3.      No proceeding is now pending in California for the administration of the decedent's estate.

4.      I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5.      No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:   September 11, 2019

_____
PAUL SHAW, declarant

## DECLARATION OF HOPE MAGEE

1.      The decedent's name who is the subject of this action for wrongful death is JACOREY SHAW.

2.      On September 6, 2018, JACOREY SHAW lost his life as a result of civil rights violations contributing to his death at the Sierra Conservation Center, located at 5100 O'Byrnes Ferry Road in Jamestown, California.

3.      No proceeding is now pending in California for the administration of the decedent's estate.

4.      I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5.      No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:   September 11, 2019

HOPE MAGEE, declarant