UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE MAGEE, individually and as Successor in Interest to JACOREY SHAW, deceased; PAUL SHAW, individually and as Successor in Interest to JACOREY SHAW, deceased,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1 through 10, inclusive, COUNTY OF TUOLUMNE, a municipal entity, and COUNTY OF STANISLAUS, et al.,<br><br>Defendants. | Case No. 1:19-cv-01522-AWI-BAM<br><br>**ORDER VACATING HEARING**<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT**<br><br>(Doc. No. 27) |

Currently pending before the Court is Plaintiffs Hope Magee and Paul Shaw's ("Plaintiffs") motion for leave to file a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. No. 27.) Defendant County of Stanislaus filed a statement of non-opposition to Plaintiffs' motion to amend on May 28, 2020. (Doc. No. 28.) Defendant County of Tuolumne filed a statement of conditional non-opposition to the motion to amend on June 4, 2020. Defendant County of Tuolumne does not oppose the motion to amend. (Doc. No. 30.) Based on the absence of opposition, the Court finds the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g). The hearing set for July 17, 2020, is

1

HEREBY VACATED.

Having considered the unopposed motion and the record in this case, Plaintiffs' motion for leave to amend shall be GRANTED.

**BACKGROUND**

On September 11, 2019, Plaintiffs filed this wrongful death action against Defendants Does 1 through 10, County of Tuolumne and County of Stanislaus in the Central District of California.  (Doc. No. 1.)  The action arises out of the September 6, 2018 in-custody death of decedent Jacorey Shaw, who, at the time of his death, was a convicted prisoner and inmate at the Sierra Conservation Center.  According to the complaint's allegations, Jacorey Shaw lost his life during fire drill training.  Plaintiffs forward claims for violations of the Eighth Amendment to the United States Constitution, along with state law claims for wrongful death and negligent mishandling of remains.  (*Id.*)  The matter was transferred to this Court on October 28, 2019.  (Doc. No. 14.) Defendants County of Tuolumne and County of Stanislaus filed answers to the complaint on November 5, 2019.  (Doc. Nos. 17, 18.)

On January 28, 2020, the Court issued a Scheduling Order in this case.  (Doc. No. 25.)  Pursuant to the Scheduling Order, the deadline for any stipulated amendments or motions to amend the pleadings was May 29, 2020.  (*Id.*)

On May 27, 2020, prior to the deadline for amendment to the pleadings, Plaintiffs filed the instant motion to amend. (Doc. No. 27.)  According to the motion, Plaintiffs seek to amend the complaint to: (1) add the name of the instructor who conducted the fire training drill at issue, Dennis Jordan-Curasi; and (2) add a cause of action for violation of the Due Process Clause of the Fourteenth Amendment.  (*Id.*)  A copy of the proposed First Amended Complaint is attached as an exhibit to Plaintiffs' moving papers.  (*See* Doc. No. 27-1.)

Neither Defendant County of Stanislaus nor Defendant County of Tuolumne oppose the proposed amendment to the complaint.  (Doc. Nos. 28, 30.)  However, Defendant County of Tuolumne requests that, if the motion to amend is granted, then the Court extend all current Scheduling Order deadlines, including trial, to conduct discovery as to the additional party and claim.  (*See* Doc. No. 30.)

**DISCUSSION**

Here, Plaintiffs' motion to amend is timely pursuant to the deadline set by the Scheduling Order. (*See* Doc. No. 25.) The motion is therefore considered under the standard for amendment to the pleadings set forth in Federal Rule of Civil Procedure 15. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) (holding that a motion to amend filed after a deadline set forth in a pretrial scheduling order must satisfy the requirements of Federal Rule of Civil Procedure 16.)

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a

presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

Defendants have filed statements of non-opposition to the motion to amend. Having considered the moving papers as well as Defendants' non-opposition, the Court finds that Plaintiffs have not unduly delayed in seeking to amend the complaint, the amendment is not brought in bad faith, there will be no prejudice to Defendants in permitting the amendment, and there is no indication that such amendment is futile. Accordingly, leave to amend will be granted.[1]

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Amend to file a First Amended Complaint (Doc. No. 27) is GRANTED;

2. Within seven (7) days of the date of this Order, Plaintiffs shall file their First Amended Complaint;

3. Upon the filing of the First Amended Complaint, the Clerk of Court is directed to issue summons as to Dennis Jordan-Curasi;

4. Plaintiffs shall effectuate service of the summons and First Amended Complaint on Dennis Jordan-Curasi within the time limit for service prescribed by Federal Rule of Civil Procedure 4(m); and

5. Defendants shall file an answer or other responsive pleading to the First Amended Complaint in compliance with the time frames of the Federal Rules of Civil Procedure and any relevant Local Rules following service of the First Amended Complaint.

IT IS SO ORDERED.

Dated:   **July 2, 2020**          /s/ *Barbara A. McAuliffe*          
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The Court declines to address Defendant County of Tuolumne's request to modify the Scheduling Order. Instead, any request for modification of the Scheduling Order should proceed either by way of stipulation or by noticed motion. Any such request must be supported by good cause. Fed. R. Civ. P. 16(b)(4).