**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOPE MAGEE, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF TUOLOMNE, et al.,<br><br>　　　　Defendants. | CASE NO. 1:19cv1522-AWI-SAB<br><br>**ORDER:**<br><br>**(1) GRANTING SUMMARY JUDGMENT IN FAVOR OF STANISLAUS COUNTY ON FIFTH CAUSE OF ACTION; AND**<br><br>**(2) CLOSING CASE**<br><br><br>(Doc. No. 84) |

　　　On March 28, 2022, the Court granted summary judgment in Defendant Tuolumne County's favor on the Fifth Cause of Action in the First Amended Complaint ("FAC") and ordered Plaintiffs Hope Magee and Paul Shaw to show cause in writing why summary judgment on that claim should not be granted in favor of Defendant Stanislaus County as well. Doc. No. 84. Plaintiffs have not filed a response to that order and the deadline for doing so has passed.

　　　As set forth below, the Court will grant summary judgment in Stanislaus County's favor on the Fifth Cause of Action in the FAC for the reasons the Court granted summary judgment in favor of Tuolumne County on the Fifth Cause of Action. The Court will also close this case since

there are no other claims remaining.

## **BACKGROUND**

Jacorey Shaw[1] was an inmate at the Sierra Conservation Center ("SCC"), a correctional facility operated by the California Department of Corrections and Rehabilitation ("CDCR"). Doc. No. 33 ¶ 15. He died in custody on September 6, 2018 while participating in a firefighter training session offered by the SCC and conducted by Dennis Jordan-Curasi. Id. ¶ 16.

Plaintiffs filed this action in the United States District Court for the Central District of California on September 11, 2019. Doc. No. 1. It was transferred to this Court on October 28, 2019. Doc. Nos. 1, 14. On July 7, 2020, Plaintiffs filed the FAC (which remains the operative complaint) alleging claims against Mr. Jordan-Curasi for failure to protect, denial of medical care and substantive due process violations under 42 U.S.C. § 1983, and for negligent wrongful death under California law. Doc. No. 33 ¶¶ 21-49, 50-54. The FAC also alleges, as the Fifth Cause of Action, a claim against Mr. Jordan-Curasi, Tuolumne County and Stanislaus County for negligent mishandling of Mr. Shaw's remains. Id. ¶¶ 55-57.

On January 20, 2022, the Court dismissed Mr. Jordan-Curasi as a defendant with prejudice, pursuant to stipulation. Doc. No. 83. Following that dismissal, all that remained of this action was the Fifth Cause of Action against Tuolumne County and Stanislaus County (together, the "County Defendants"). See Doc. No. 33 at 14:14-15:8.

Tuolumne County filed a motion for summary judgment on the Fifth Cause of Action. Doc. No. 59. Stanislaus County filed a statement of non-opposition to Tuolumne County's motion but did not file a summary judgment motion of its own. Doc. No. 60. On March 28, 2022, the Court issued an order granting summary judgment in Tuolumne County's favor and giving Plaintiffs 21 days to show cause in writing why summary judgment should not be granted in favor of Stanislaus County as well. Doc. No. 84. Plaintiffs have not filed a response to that order and the deadline to do so has passed.

//

---

[1] Jacorey Shaw is referred to herein as "Mr. Shaw." His father, Paul Shaw, is referred to, in some instances, as "Mr. Shaw's father."

//

## **DISCUSSION**

Negligent mishandling of human remains is not an independent tort under California law. Christensen v. Superior Court, 54 Cal.3d 868, 884 (1992). The Court therefore construes Plaintiffs' Fifth Cause of Action as a negligence claim. Id. "To raise a *prima facie* claim of negligence in California law, a plaintiff must prove: 1) the existence of a duty to exercise due care; 2) a breach of that duty; 3) causation; and 4) damage." Johnson v. PNC Mortg., 2016 WL 861089, at *4 (N.D. Cal. Mar. 7, 2016) (citing Merrill v. Navegear, Inc., 26 Cal.4th 465, 500 (2001)).

Plaintiffs bring the Fifth Cause of Action against Stanislaus County pursuant to Section 815.2, subdivision (a), and Section 820, subdivision (a), of the California Government Code.[2] See Doc. No. 33 at 14:20-24. Subdivision (a) of Section 815.2 provides, in pertinent part, that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov. Code § 815.2, subd. (a). And subdivision (a) of Section 820 states, in pertinent part, that "[e]xcept as otherwise provided by statute …, a public employee is liable for injury caused by his act or omission to the same extent as a private person." Id. § 820, subd. (a).

As relevant here, the crux of Plaintiffs' Fifth Cause of Action is that personnel employed by Stanislaus County "negligently caused, and/or failed to prevent, the severe decomposition of [Mr. Shaw's] remains, which resulted in [Mr. Shaw's] remains being in a gruesome, rancid, and severely decomposed position, which caused Plaintiffs severe emotional distress upon the discovery of [Mr. Shaw's] remains." Doc. No. 33 at 15:3-8.

In deciding Tuolumne County's summary judgment motion, the Court found that Plaintiffs had failed to set forth evidence showing that Mr. Shaw's remains decomposed—or were improperly cared for—while in the custody of Tuolumne County or Stanislaus County, after the

---

[2] Section 815, subdivision (a), of the California Government Code states that "[e]xcept as otherwise provided by statute … [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815, subd. (a).

burden had shifted to them to do so. See Doc. No. 84 at 6:24-10:26. Specifically, the Court found that uncontradicted evidence showed that Mr. Shaw's remains were refrigerated while in the possession of both Tuolumne County and Stanislaus County, id. at 7:7-8:1, and that neither the Stanislaus doctor who autopsied Mr. Shaw's remains nor the Tuolumne County sheriff deputy who delivered Mr. Shaw's remains to Stanislaus County for autopsy saw indication of decomposition. Id. at 7:15-21, 8:2-6. Further, the Court found that the length of the trip from Stanislaus County to Los Angeles, a lack of evidence as to how Mr. Shaw's remains were transported to Los Angeles, and passage of time precluded a reasonable jury from drawing inferences as to the treatment or condition of Mr. Shaw's remains while in the care of the County Defendants based on the state of Mr. Shaw's remains when later viewed by Mr. Shaw's father at Solomon's Mortuary. Id. at 10:27-11:13.

At bottom, Plaintiffs have failed to produce evidence sufficient for a reasonable jury to find that Mr. Shaw's remains were neglected (or otherwise maltreated) prior to the time Stanislaus County ceased to have custody of them. See Doc. No. 84 at 11:14-17. This precludes finding Stanislaus County liable for negligence. The Court will therefore award summary judgment in Stanislaus County's favor on the Fifth Cause of Action. See Fed.R.Civ.P. 56(c); Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Summary judgment is GRANTED in Defendant Stanislaus County's favor on the Fifth Cause of Action in the First Amended Complaint (Doc. No. 33);
2. The Clerk of Court is respectfully DIRECTED to CLOSE this case.

IT IS SO ORDERED.

Dated:   June 17, 2022                                              _____
                                                                    SENIOR DISTRICT JUDGE